# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs February 5, 2013

## LOUIS TYRONE ROBINSON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Gibson County**
**No. 14677      William B. Acree, Jr., Judge**

---

**No. W2012-01724-CCA-R3-CO  - Filed May 7, 2013**

---

The *pro se* petitioner, Louis Tyrone Robinson, appeals the dismissal of his petition for writ of error coram nobis, arguing that the "suppressed" transcript of his trial sentencing hearing constitutes newly discovered evidence of his innocence.  Following our review, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Louis Tyrone Robinson, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Lacy Wilber, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

In 1993, the petitioner pled guilty in the Gibson County Circuit Court to second degree murder, a Class A felony, in exchange for a forty-year sentence in the Department of Correction as a Range III, persistent offender.  On March 8, 2012, the petitioner filed a petition alleging that, until January 6, 2012, the State had suppressed his "Submission Sentencing Hearing Transcript."  The petitioner asserted that the previously suppressed sentencing hearing transcript should be considered "newly discovered evidence" in an error coram nobis proceeding that would have led to a different result had it been available at the time of his trial.

On the same day that he filed the error coram nobis petition, the petitioner filed a "Petition/Motion for Production of Public Records in the Interest of Justice" in which he alleged that he had never been provided by his counsel with a copy of the sentencing transcript, which was critical to his case. Around the same time frame, he filed several other motions/petitions apparently related to the case, including a petition for the expunction of several of his convictions, an amended petition alleging that his forty-year sentence as a Range III offender was illegal and unconstitutional and that his guilty plea was unknowing and involuntary due to the ineffective assistance of counsel, and a motion requesting that witnesses be subpoenaed for his error coram nobis proceeding.

On July 26, 2012, the trial court entered an order summarily denying the amended petition for error coram nobis on the basis that it "ha[d] no merit." This appeal followed.

## ANALYSIS

A writ of error coram nobis is an extraordinary remedy by which the court may provide relief from a judgment under only narrow and limited circumstances. State v. Mixon, 983 S.W.2d 661, 666 (Tenn. 1999). Tennessee Code Annotated section 40-26-105 provides this remedy to criminal defendants:

> Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial. The issue shall be tried by the court without the intervention of a jury, and if the decision be in favor of the petitioner, the judgment complained of shall be set aside and the defendant shall be granted a new trial in that cause.

Tenn. Code Ann. § 40-26-105(b), (c) (2012).

The decision to grant or deny a petition for writ of error coram nobis based on newly discovered evidence lies within the sound discretion of the trial court. See Tenn. Code Ann. § 40-26-105; State v. Hart, 911 S.W.2d 371, 375 (Tenn. Crim. App. 1995). We review this issue, therefore, under an abuse of discretion standard.

We conclude that the trial court properly dismissed the petition. The petitioner's claim that the State "suppressed" his sentencing or guilty plea hearing transcript, which, according to the petitioner, would have revealed that he entered into an illegal sentence as

part of his negotiated plea deal, does not constitute a cognizable claim for error coram nobis relief.  Accordingly, we affirm the dismissal of the petition for writ of error coram nobis.

## **CONCLUSION**

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court dismissing the petition for writ of error coram nobis.

_____

ALAN E. GLENN, JUDGE